In the Matter of JOHN C. HOENNINGER, an Attorney, Respondent.

First Department, February 11, 1938.

*John E. F. Wood* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*James D. C. Murray* of counsel [*Irving Greenberg* with him on the brief], for the respondent.

PER CURIAM. The respondent acted as one of the trustees of a bond issue of $100,000 secured by a mortgage on property of the Beuron Monastery in Germany and was instrumental in causing the sale of $10,000 of said bonds to one Pontow and his wife, personally guaranteeing the payment of $6,000 thereof. In August, 1929, the Monastery arranged to pay the entire principal of the mortgage then unpaid, although payment was not then due, amounting to some $85,000, and payment was duly made to the respondent,

as trustee. He turned the check received over to his business associate and cotrustee, who deposited it in his personal account. The latter failed to advise the Pontows of the payment of the underlying mortgage or to pay them the sum of $10,000 to which they were entitled, but converted the same to his own use. Partial restitution was subsequently made by the respondent and his associate. While there is no proof that the respondent profited by the use of this money or knew of its conversion, he undoubtedly was grossly negligent in his conduct as trustee in failing to see that the moneys were deposited in a special account instead of the personal account of his cotrustee and business associate, in failing to notify the bondholders of the principal payment of the mortgage debt, and in failing to see that the moneys received were duly distributed to the persons entitled thereto. Instead of conducting himself as a trustee should, he acted the part of a figurehead. Such conduct merits at the least the severe censure of the court.

It further appears that the respondent was empowered by one Mrs. Josephine M. Erlwein, a client, to act as her financial agent. On or about January 29, 1929, he received on her behalf the sum of $9,045 for reinvestment. This amount he deposited in his personal account, as he did other moneys received on behalf of his clients, and at times the balance in said account was less than the said sum of $9,045. The money subsequently was lost by the failure on June 28, 1929, of the bank in which it was deposited. At that time the balance to the credit of the respondent's account was some $24,000. He also had on deposit in said bank as collateral for a loan securities in which his equity exceeded the said sum of $9,045 deposited therein.

The referee has sustained the claim of the respondent that he overlooked the fact that these moneys had not been reinvested. It may well be that the respondent, because of illness, overlooked said fact prior to the failure of the bank in which the moneys were deposited. It is difficult to believe that following said failure he failed to ascertain the fact when an investigation was made to determine the amount of the loss and the extent to which the funds of clients were involved. But assuming that such was indeed the case, the respondent did not then disclose the facts to his client or attempt to make restitution for the loss. Instead, he and his associate Strack gave a third mortgage on property which they owned to a stepdaughter of Strack as an accommodation holder. This mortgage admittedly was created for the purpose of representing an investment of Mrs. Erlwein's money. The mortgage was placed in her account and, when an accounting was demanded by her, was tendered as a genuine investment

which had been duly made on her behalf. She rejected it. The respondent subsequently arranged for the payment of the amount involved with interest to Mrs. Erlwein.

Giving the respondent the benefit of every doubt in the aforesaid unfortunate situation, it is impossible to overlook the fact that he deliberately concealed the situation from his client and endeavored to foist upon her a questionable security as a *bona fide* investment of her money.

The respondent should be suspended for six months with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Respondent suspended for six months.